1   JOSEPH P. RUSSONIELLO (CABN 44332)
    United States Attorney

2

3   BRIAN J. STRETCH (CABN 163973)
    Chief, Criminal Division

4   DANIEL R. KALEBA (CABN 223789)
    Assistant United States Attorney

5
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (510) 637-3680
7       Facsimile: (510) 637-3724
        E-Mail: daniel.kaleba@usdoj.gov

8
    Attorneys for Plaintiff
9

10                      UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                           OAKLAND DIVISION

13   UNITED STATES OF AMERICA,          )   No.    CR 07-00567 SBA
                                        )
14         Plaintiff,                   )   UNITED STATES' SENTENCING
                                        )   MEMORANDUM FOR DEFENDANT
15   v.                                 )   MARTIN RAMOS-URIAS
                                        )
16   MARTIN RAMOS-URIAS,                )   Sentencing Date:   February 26, 2008
                                        )   Sentencing Time:   10:00 a.m.
17         Defendant.                   )
     _____)

18

19   **I.   INTRODUCTION**

20       On February 26, 2008, defendant Martin Ramos-Urias intends to plead guilty to Count One

21   of the Indictment, illegal reentry by an alien after deportation in violation of 8 U.S.C. § 1326.

22   The United States offered, and the defendant agreed to accept, a fast-track plea offer pursuant to

23   U.S.S.G. § 5K3.1, contingent upon a sentence of imprisonment imposed at the middle of the

24   Guidelines range for the adjusted offense level 17 and the applicable criminal history category as

25   determined by the Court.  Plea Agreement at ¶ 8(a).  The United States respectfully requests this

26   Court to impose the middle range sentence of imprisonment of 50 months as jointly

27   recommended by the parties, and disagrees with United States Probation Office's ("USPO") low-

28   end recommendation of 46 months as inconsistent with the parties agreement and contrary to the

1  statutory purposes of sentencing.

2  **II.  ARGUMENT**

3      **A.  The USPO's Guidelines Calculation Is Correct.**

4          The United States agrees with the USPO that the Total Offense Level is 17. PSR ¶ 24.

5  Pursuant to the Plea Agreement, the defendant also agrees that the Total Offense Level is 17.

6  Plea Agreement at ¶ 7(d).  The USPO properly applies a 16-level enhancement under U.S.S.G. §

7  2L1.2(b)(1)(A) because the defendant has a prior felony conviction for a drug trafficking offense

8  for which the sentence imposed exceeded 13 months.  PSR ¶¶ 14 and 30. The defendant also has

9  a significant criminal history including battery against a spouse or cohabitant (PSR ¶ 28),

10  numerous drug-related arrests (PSR ¶¶ 27, 29, 31, and 38), and felon in possession of a firearm

11  (PSR ¶ 31).  The United States agrees with the USPO computation that the defendant's criminal

12  history points total is eleven, establishing a Criminal History Category of V.  PSR ¶ 34.

13      **B.  The Recommended Sentence of 50 Months Imprisonment Is Reasonable.**

14          The recommended sentence of 50 months imprisonment by the parties is appropriate in

15  these circumstances.  The defendant has a significant criminal history.  The parties agreed that in

16  exchange for a four-level reduction pursuant to U.S.S.G. § 5K3.1, that the defendant would agree

17  to a sentence at the middle of the applicable criminal history category as determined by the

18  Court.  Plea Agreement at ¶ 8(a).  A sentence of 50 months is in the middle of the Guideline

19  range of 46-57 months for Total Offense Level 17 and Criminal History Category V.

20          As an additional indicator of the reasonableness of a 50 month sentence, the defendant

21  further agreed that he will not ask for any other adjustment to or reduction in the offense level or

22  for a downward departure from the Guidelines range.  Plea Agreement at ¶ 7.

23          The United States disagrees with the USPO's recommendation of 46 months

24  imprisonment.  The USPO inaccurately characterized the 50 month recommendation as a "high

25  end" term of imprisonment.  Sentencing Recommendation at 2.  A 50 month term of

26  imprisonment is, in fact, at the middle of a 46-57 month term (and indeed, is at the lower-end of

27  the middle range).  Further, despite the defendant's "continuous involvement in the criminal

28  justice system since 2001," USPO claims no aggravating circumstances warrant a misnamed

1    "high end" sentence. *Id.* The defendant's significant criminal history alone warrants a sentence

2    above the low-end of the Guidelines, notwithstanding the fact that the parties, in negotiating this

3    plea agreement, jointly agree that a middle range sentence of Offense Category 17, Criminal

4    History Category V, is fair and reasonable.

5    **III.    CONCLUSION**

6    　　For the foregoing reasons, the United States respectfully requests this Court to sentence

7    the defendant to 50 months imprisonment, impose a three-year term of supervised release, and

8    order the defendant to pay a $100 special assessment.

9

10                                                        Respectfully submitted,

11                                                        JOSEPH P. RUSSONIELLO
                                                          United States Attorney

12

13    DATED: February 19, 2008

14                                                        　　　　　/s/
                                                          DANIEL R. KALEBA

15                                                        Assistant United States Attorney

16

17

18

19

20

21

22

23

24

25

26

27

28