UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>MARTIN RAMOS-URIAS,<br><br>    Defendant. | Case No: CR 07-567 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE**<br><br>Docket No. 12 |

The parties are presently before the Court on Defendant's Motion for Modification of Sentence. Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby DENIES the motion for the reasons that follow.

I.     **BACKGROUND**

On February 26, 2008, Defendant entered a guilty plea, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to one count of illegal re-entry into the United States following deportation, in violation of 8 U.S.C. § 1326. Under the terms of the Plea Agreement, the parties agreed to an adjusted offense level of 17. This was premised on: A base offense level of 8 pursuant to USSG § 2L1.2(a); a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) based on a prior felony conviction for a drug trafficking offense for which the sentence imposed exceeded 13 months; a 4-level downward departure pursuant to the early disposition program, USSG § 5K3.1; and a 3-level deduction for acceptance of responsibility pursuant to USSG § 3E1.1. In addition, the parties agreed to a 50-month sentence. Defendant was sentenced to 50 months by the Court on February 26, 2008.

On October 8, 2008, Defendant filed a motion to modify his sentence, claiming that he received an 11-level enhancement for a drunk driving offense that the Court allegedly deemed to be a crime of violence. The Court issued a briefing schedule directing the Government to file a

**1** response and permitting Defendant to submit a reply.  The Government timely filed an opposition,

**2** though Defendant did not file a reply.

**3** II.    **DISCUSSION**

**4**     As a threshold matter, Defendant's motion is barred under the terms of his Plea Agreement,

**5** which was filed on February 26, 2008.  In that agreement, Defendant represented that he had

**6** agreed to waive his right to appeal, including any collateral attack of his sentence, *inter alia*, under

**7** 28 U.S.C. § 2255.  (Plea Agt. ¶ 5.)  At the time Defendant entered his plea, the Court engaged him

**8** in an extensive colloquy to ensure that his plea was made knowingly, voluntarily and intelligently.

**9** In his motion, Defendant does not dispute the validity or enforceability of his Plea Agreement.

**10** Thus, the Court concludes that the waiver contained in Defendant's Plea Agreement precludes

**11** consideration of the instant motion.  See United States v. Michlin, 34 F.3d 896, 898-899 (9th Cir.

**12** 1994) (dismissing appeal where defendant waived his right to appeal under the plea agreement).

**13**     The above notwithstanding, Defendant's motion fails on the merits.  The gravamen of

**14** Defendant's argument is that the Court deemed a prior conviction for drunk driving to be an

**15** aggravated felony that, in turn, warranted an 11-level enhancement.  However, Defendant did not

**16** receive an 11-level enhancement for drunk driving.  Rather, he received a 16-level enhancement

**17** for a prior drug trafficking offense.  In the Plea Agreement, Defendant acknowledged the validity

**18** of this prior offense and his understanding that he was receiving a 16-level enhancement as a

**19** result.  (Plea Agt. ¶¶ 2(b) and 7.)  Based on the foregoing, the Court finds no basis upon which to

**20** modify Defendant's sentence.[1]

---

[1] Defendant also claims that his offense level should have been 12 instead of 17, that his criminal history score should have been I instead of V, and that his sentencing range should have been between 10 to 16 months.  He provides no factual or legal basis for these claims. In addition, the information presented does not correlate with the calculation of Defendant's sentence.  It appears that these contentions were copied from a document filed in another matter bearing no relation to this case.

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendant's motion to modify his sentence (Docket No. 21) is DENIED.

IT IS SO ORDERED.

Dated:  August 6, 2009

                                            Hon. Saundra Brown Armstrong
                                              United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA et al,

        Plaintiff,

  v.

MARTIN RAMOS-URIAS et al,

        Defendant.
                                         /

Case Number: CR07-00567 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 7, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

MARTIN RAMOS-URIAS
REG. NO: 90369-111
FCI MEMPHIS
P.O. BOX 34550
MEMPHIS, TN 38184-0550

Dated: August 7, 2009

                                       Richard W. Wieking, Clerk

                                                  By: LISA R CLARK, Deputy Clerk